# CHARLESTON.

NATIONAL WOOLEN MILLS v. LOCAL NO. 350 OF JOURNEYMEN TAILORS' UNION OF AMERICA *et al.*

(C. C. No. 356)

Submitted January 13, 1926.   Decided January 19, 1926.

INJUNCTION—*Overruling Demurrer to Bill Asking Injunction Against Frightening Workmen Employed in Plaintiff's Factory and Preventing Others from Seeking Employment with Plaintiff Held Proper.*

The circuit court properly overruled demurrer to a bill charging that by means of guards or pickets stationed and maintained in close proximity to plaintiff's factory, the defendants, a labor union and its members, are annoying, abusing, threatening and intimidating the plaintiff's employees and others seeking employment with it, thereby causing such employees to quit work and preventing those seeking employment with the plaintiff from accepting service with it, to the irreparable damage of the plaintiff, and praying for an injunction inhibiting and restraining the defendant from the commission of such unlawful acts.

(Injunction, 32 C. J. § 262.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

100 W. Va.

Case certified from Circuit Court, Wood County.

Suit by the National Woolen Mills against Local No. 350 of the Journeymen Tailors' Union of America and others for an injunction. After overruling a demurrer to plaintiff's bill, the circuit court certified its action.

*Ruling affirmed.*

*Ambler, McCluer & Ambler,* for plaintiff.

LITZ, PRESIDENT:

The plaintiff, National Woolen Mills, a corporation, seeks to enjoin the defendants, Local No. 350 of the Journeymen Tailors' Union of America, a voluntary association, and the members thereof, from abusing, threatening or intimidating any of the employees of the plaintiff or persons seeking employment with it, resulting in such employees terminating their contracts of service with it and preventing others from entering its employ, and to enjoin the defendants from assembling, loitering or congregating about or in close proximity to the manufacturing plant of the plaintiff for the purpose of doing, or of aiding or encouraging others in committing, any of such acts.

The bill alleges that the plaintiff is a manufacturer of clothing for men and boys in the city of Parkersburg; that on September 16, 1924, it entered into a written agreement with the defendant, Local No. 350 of the Journeymen Tailors' Union of America, to continue one year from date, whereby the plaintiff agreed to employ in its factory, at stipulated wages, union labor exclusively; the contract providing, however, that in event of the insolvency, bankruptcy, receivership or liquidation of the plaintiff, the contract might be terminated.

The bill alleges further that one of the contingencies providing for the termination of the contract having arisen, the plaintiff on the 24th day of January, 1925, declared it to be determined, and so notified its employees; that subsequently the plaintiff resumed operation of its manufacturing plant on a non-union basis, and offered employment to its former employees, members of the union, but that they refused to re-

enter plaintiff's service. It is alleged also that guards or pickets, stationed and maintained by the union and its members in close proximity to plaintiff's factory, by annoying, abusing, threatening and intimidating its employees and others seeking employment with plaintiff, are causing its employees to quit work and preventing such others seeking employment from accepting service with it; and that the unlawful acts complained of are continuing, resulting in irreparable injury to the plaintiff. Other illegal acts on the part of the union and its members, constituting unlawful confederation and conspiracy in violation of the plaintiff's rights, are averred.

The circuit court has certified its action, overruling a demurrer to the bill. This ruling is clearly right. Where "picketing" is carried on with intimidation, threats, coercion or force, as charged in this case, it is universally held that such conduct on the part of the pickets is unlawful and will be enjoined. *Parker Paint etc. Co.* v. *Local Union,* 87 W. Va. 631; *Kitchen & Co.* v. *Local Union,* 91 W. Va. 65, 70; 16 R. C. L. 453; 2 R. C. L. Supp. 572; 103 A. S. R. note 496; *Ellis* v. *Barbers' Union,* 194 Iowa 1179, 191 N. W. 111, 32 A. L. R. 756; *Thomas* v. *City of Indianapolis,* 35 A. L. R. 1194, 145 N. E. 550.

The ruling of the circuit court on the demurrer is affirmed, and will be so certified.                                    *Affirmed.*